IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CAYETANO ZAMARRON,

      Petitioner,

vs.                                               No. CV 17-00963 RB/SMV

RAYMOND SMITH, WARDEN, LCCF, and
ATTORNEY GENERAL OF THE STATE OF
NEW MEXICO,

      Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court, *sua sponte*, under Rules 4 and 11 of the Rules Governing Section 2254 Cases, on the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Cayetano Zamarron. (Doc. 1.) The Court will dismiss the Petition for lack of jurisdiction.

In a previous § 2254 proceeding, *Zamarron v. Janecka*, No. CV 09-00163 RB/GBW, Petitioner attacked the same state court criminal conviction that is the subject of this proceeding, raising speedy trial violation, due process violations, insufficient evidence, judicial bias, and ineffective assistance of counsel issues. (*See* CV 09-00163, Docs. 1; 12; 14.) *See also*, *Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (noting that the court may take judicial notice of its own records). The Court determined that Petitioner's claims were time barred by the one-year statute of limitations of 28 U.S.C. §2244(d)(1), denied a writ of habeas corpus, and dismissed the petition with prejudice. (CV 09-00163, Docs. 12; 14.) On appeal, the United States Court of Appeals for the Tenth Circuit denied a certificate of appealability and dismissed the appeal. (CV 09-00163, Doc. 20.)

1

Petitioner now brings a new § 2254 petition raising issues that his original conviction violated his constitutional rights because the State District Court was without jurisdiction to hold a bench trial absent a knowing and intelligent waiver of his right to a jury trial. Petitioner argues that his waiver of a jury trial was not knowing and intelligent due to actions and misrepresentations by his counsel. (Doc. 1 at 6–11.) Under 28 U.S.C. § 2244(b)(1), a claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed. A claim that was not presented in a prior application shall also be dismissed unless the applicant shows either (1) that the claim relies on a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court or (2) that the factual predicate for the claim was previously unavailable and would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Although not expressly phrased as ineffective assistance of counsel, the factual basis of Petitioner's arguments relating to improper acts by counsel were clearly raised in his prior § 2254 proceeding. (*See* CV 09-00163, Docs. 1; 12.) Petitioner's claims were raised in his prior § 2254 proceeding and must be dismissed. 28 U.S.C. § 2244(b)(1); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). Moreover, to the extent Petitioner's claim relating to lack of a knowing waiver of his right to a jury trial is a new claim not raised in his prior § 2254 Petition, he does not rely on any new constitutional law that was previously unavailable and made retroactive on collateral review by the United States Supreme Court. *See* 28 U.S.C. § 2244(b)(2)(A); *Tyler v. Cain*, 533 U.S. 656 (2001). Nor does Petitioner argue or rely on a factual predicate that could not have been discovered previously through the exercise of due diligence

and is sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B). Even if Petitioner's waiver of the right to a jury trial was not knowingly made, that information would have been available to him at the time he was convicted and sentenced and would not afford a basis for a finding that Petitioner was innocent. Petitioner's jury trial waiver claim must also be dismissed. 28 U.S.C. § 2244(b)(2)(B); *United States v. Espinosa-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000).

Further, before a second or successive petition is filed in the district court, the petitioner must move the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a second or successive § 2254 claim is filed in the district court without the required authorization from the court of appeals, the district court may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631, or it may dismiss the petition for lack of jurisdiction. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman*, 106 F.3d at 341. The current Petition is Petitioner's second and is not accompanied by an authorizing order from the court of appeals. Under § 2244(b)(1), the Court lacks jurisdiction to proceed and must either dismiss Petitioner's Petition or transfer this proceeding to the Tenth Circuit. Applying the *Cline* factors, the Court finds it is not in the interest of justice to transfer the proceeding.

Petitioner has filed his second or successive §2254 Petition without authorization from the Tenth Circuit Court of Appeals. 28 U.S.C. § 2241(b)(3). Petitioner also fails to establish any grounds that would permit him to proceed on a second or successive petition. 28 U.S.C. § 2244(b)(2). Moreover, because his first habeas corpus petition was time-barred, his second filing is also likely subject to dismissal as time-barred. 28 U.S.C. § 2244(d). The Court declines to

transfer the Petition to the Tenth Circuit and will dismiss for lack of jurisdiction. *Coleman*, 106 F.3d at 341. Under Rule 11 of the Rules Governing Section 2254 Cases, because Petitioner has failed to make a substantial showing of denial of a constitutional right, the Court will also deny a certificate of appealability.

**IT IS ORDERED:**

(1) Petitioner Cayetano Zamarron's Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) is **DENIED** as moot based on Petitioner's payment of the $5 filing fee (Doc. 4); and

(2) the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Cayetano Zamarron (Doc. 1) is **DISMISSED** for lack of jurisdiction, a certificate of appealability is **DENIED**, and judgment will be entered.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE