# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CAYETANO ZAMARRON,

      Petitioner,

vs.                                                    No. CV 17-00963 RB/SMV

RAYMOND SMITH, WARDEN, LCCF, and
ATTORNEY GENERAL OF THE STATE OF
NEW MEXICO,

      Respondents.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO RECONSIDER

**THIS MATTER** is before the Court on the Motion to Reconsider filed by Petitioner

Cayetano Zamarron on March 5, 2018. (Doc. 7.) The Court will deny the Motion to Reconsider.

Mr. Zammaron (Petitioner) filed his Petition Under 28 U.S.C. § 2254 for a Writ of

Habeas Corpus by a Person in State Custody on September 21, 2017. (Doc. 1 ("Petition").) The

Court dismissed the Petition for lack of jurisdiction and entered Judgment on January 30, 2018.

(Docs. 5; 6.) The Court dismissed the Petition under 28 U.S.C. § 2244(b) because it was a second

or successive § 2254 petition filed without the required authorization from the United States

Court of Appeals for the Tenth Circuit. (*See* Doc. 5.) The Court also denied a Certificate of

Appealability. (*Id.* at 4.)

Petitioner filed his Motion to Reconsider on March 5, 2018. (Doc. 7.) He asks the Court

to reconsider its dismissal of the case and appoint counsel to represent him or to certify the

dismissal for appeal. (*Id.* at 1–3.) Petitioner raises two issues in his motion, a "time issue" and

the issue of appointment of counsel. (*Id.* at 1.) As to the time issue, he states:

> In case of time issue Mr. Zamarron only received courts order 7 days prior to 2-
> 15-18. The institution is/was on 'lock down' and Zamarron had no canteen access,

1

for paper etc., no law library access for research, and no assistance. This ammounts to a 'state created impediment'.

(*Id.*) With respect to the appointment of counsel issue, he argues:

Court should have appointed counsel to aid Mr. Zamarron . . . in each of his habeas petitions including this one. Lack of shows an injustice from the start for a man with no education, a Mexican nationalist, with limited grasp of English. There are no telling how many issues Mr. Zamarron actually has, including 'actual innocence' that he could raise w/ assistance, or even law library access.

(*Id.* at 1–2.) Petitioner's motion does not address the second or successive nature of his Petition or his failure to seek Tenth Circuit authorization prior to filing as required by law.

The Federal Rules of Civil Procedure do not expressly contemplate motions for reconsideration. Instead, motions for reconsideration are construed as proceeding under either Fed. R. Civ. P. 59(e) or 60(b). A motion to alter or amend a judgment under Rule 59(e) must be brought within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

A motion for relief from a judgment under Rule 60(b) must be brought within a reasonable time and, for many of the Rule 60(b) grounds, within one year after entry of the Judgment. Fed. R. Civ. P. 60(c). Rule 60(b) grounds for relief from a judgment include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud;

(4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6).

If the Court construes the motion as one pursuant to Rule 59(e), it was filed more than 28 days after entry of the Judgment and is untimely. The Court's Judgment was entered on January 30, 2018, and the deadline for filing a Rule 59(e) motion was February 27, 2018. Petitioner contends that he did not receive the Court's Judgment until "7 days prior to 2-15-18." (Doc. 7 at 1.) His motion demonstrates that he received the Judgment well within the Rule 59(e) time period, but did not file a timely motion or seek an extension of time to file.

Further, even if he had timely filed under Rule 59(e), his motion establishes no basis for reconsideration of the Court's dismissal. Petitioner's motion does not present any claim or argument based on an intervening change in the controlling law or newly discovered evidence. Nor does he argue any error on the part of the Court in its jurisdictional dismissal of the case. *Brumark Corp.*, 57 F.3d at 948. To the extent he is asking for reconsideration to prevent manifest injustice, his argument that the Court should have appointed counsel for him similarly fails to establish any basis for reconsideration. First, Petitioner did not file any request for appointment of counsel in this case. Further, he does not have a right to appointment of counsel in a civil proceeding, including a habeas corpus proceeding. *Beaudry v. Corrs. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). Last, Petitioner's argument that appointed counsel could raise numerous issues, including actual innocence, goes to the merits of his habeas corpus claims, not to the Court's dismissal of the Petition as an unauthorized second or successive filing. Fed. R. Civ. P. § 2244(b).

Petitioner also fails to establish any grounds for relief from the Judgment under Fed. R. Civ. P. 60(b). He does not raise any of the grounds specified in 60(b)(1) through 60(b)(5). The

only possible basis for relief would be under Rule 60(b)(6). Rule 60(b)(6) does not particularize the factors that justify relief, but it provides courts with authority to vacate judgments whenever such action is appropriate to accomplish justice. *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991). Ordinarily, the situation must be one beyond the control of the party requesting relief under Rule 60(b)(6) to warrant relief. *See Ackermann v. United States*, 340 U.S. 193, 202 (1950). Further, Rule 60(b)(6) is to only be applied in extraordinary circumstances. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). Petitioner's timeliness and appointment of counsel arguments do not address the jurisdictional basis for dismissal of the case and do not constitute the type of extraordinary circumstances warranting Rule 60(b)(6) relief. *Van Skiver*, 952 F.2d at 1244.

Petitioner filed his second or successive §2254 Petition without authorization from the Tenth Circuit Court of Appeals. 28 U.S.C. § 2241(b)(3). Petitioner fails to establish any grounds for relief from the Court's Judgment of dismissal under either Fed. R. Civ. P. 59(e) or 60(b)(6). The Court will deny his Motion to Reconsider and, under Rule 11 of the Rules Governing Section 2254 Cases, will also deny a certificate of appealability.

**IT IS ORDERED** that the Motion to Reconsider filed by Petitioner Cayetano Zamarron on March 5, 2018. (Doc. 7) is **DENIED** and a Certificate of Appealability is **DENIED**.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE